**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York _____
                                        (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's name** | National Publishing Company |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

2 3 _ 1 9 4 8 2 1 3

**4. Debtor's address**

Principal place of business

11311   Roosevelt Boulevard
Number      Street

Philadelphia      PA      19154
City                State      ZIP Code

Philadelphia
County

Mailing address, if different from principal place of business

191      N. Wacker Drive, Suite 1400
Number      Street

P.O. Box

Chicago      IL      60606
City                State      ZIP Code

Location of principal assets, if different from principal place of business

Number      Street

City                State      ZIP Code

**5. Debtor's website (URL)**

www.lsccom.com

| Debtor | National Publishing Company | Case number *(if known)* |
|---|---|---|
| | Name | |

**6.  Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3  2  3  1

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes.  District _____  When _____  Case number _____
  - MM / DD / YYYY
  - District _____  When _____  Case number _____
  - MM / DD / YYYY

Debtor    National Publishing Company                                                    Case number *(if known)*_____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor    See Annex 1_____    Relationship _____

District _____    When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor **National Publishing Company**
_____
Name

Case number _(if known)_ _____

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/13/2020
             _____
             MM  / DD / YYYY

✗  _/s/ Andrew B. Coxhead_
_____
Signature of authorized representative of debtor

Andrew B. Coxhead
_____
Printed name

Title   Chief Financial Officer
_____

**18. Signature of attorney**

✗  _/s/ Andrew G. Dietderich_
_____
Signature of attorney for debtor

Date   04/13/2020
      _____
      MM  / DD / YYYY

Andrew G. Dietderich
_____
Printed name

Sullivan & Cromwell LLP
_____
Firm name

125         Broad Street
_____
Number      Street

New York
_____
City

NY
_____
State

10004
_____
ZIP Code

(212) 558-4000
_____
Contact phone

dietdericha@sullcrom.com
_____
Email address

2850584
_____
Bar number

NY
_____
State

## ANNEX 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the Chapter 11 case of LSC Communications, Inc.

1. LSC Communications, Inc.
2. Courier Communications LLC
3. Courier Kendallville, Inc.
4. Courier New Media, Inc.
5. Dover Publications, Inc.
6. LSC Communications Logistics, LLC
7. LSC Communications MM LLC
8. LSC Communications US, LLC
9. LSC International Holdings, Inc.
10. National Publishing Company
11. Publishers Press, LLC
12. Continuum Management Company, LLC
13. Clark Distribution Systems, Inc.
14. Clark Holdings Inc.
15. Clark Worldwide Transportation, Inc.
16. The Clark Group, Inc.
17. Courier Companies, Inc.
18. Courier Publishing, Inc.
19. F.T.C. Transport, Inc.
20. LibreDigital, Inc.
21. LSC Communications Printing Company
22. Research & Education Association, Inc.

## OMNIBUS RESOLUTIONS

### April 11, 2020

The undersigned, being the board of directors or sole member, as applicable (each, the "**Governing Body**"), of the corporations and limited liability companies listed on the attachments hereto (each, a "**Company**," and collectively, the "**Companies,**" all of which are affiliates of LSC Communications, Inc. "**LSC**") hereby take the following actions and adopt the following resolutions, pursuant to, as applicable, the bylaws, limited liability company agreements or similar document (in each case as amended or amended and restated to date) of each Company (the "**Governing Document**") and the laws of the state of formation of each Company as set forth next to each Company's name on the attachments hereto:

**Re: Voluntary Petitions and Bankruptcy Case**

**WHEREAS**, each Governing Body has reviewed and discussed the financial and operational condition of the each Company and each Company's business, including the current and historical performance of each Company, the assets and liquidity of each Company, the current and long-term liabilities of each Company and the credit market conditions;

**WHEREAS**, each Governing Body has received, reviewed, and discussed the recommendations of management of each Company and each Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to each Company, including a bankruptcy proceeding (the "**Bankruptcy Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and has discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by each Company in connection with the Bankruptcy Case (the "**Initial Filings**");

**WHEREAS**, after review and discussion and due consideration of all of the information presented to each Governing Body, each Governing Body deems it advisable and in the best interests of each Company, its shareholders, its creditors, its subsidiaries, stakeholders, and other interested parties, for each Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "**Petition**"); and

**WHEREAS**, each Governing Body deems it advisable and in the best interests of each Company, its shareholders, its creditors, its subsidiaries, stakeholders, and other interested parties, for each Company to make the Initial Filings and to conduct the business of each Company as contemplated thereby;

**NOW, THEREFORE, BE IT RESOLVED**, that having considered all relevant facts and circumstances, in the judgment of each , it is desirable and in the best interests of each Company, its shareholders, its creditors, its subsidiaries, stakeholders, and other interested parties that the Petition and the Initial Filings be filed by each Company in the

United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

**FURTHER RESOLVED**, that each Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and

**FURTHER RESOLVED**, that any operational officer or authorized representative of each Company (each, a "**Designated Person**" and collectively, the "**Designated Persons**") be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and

**FURTHER RESOLVED**, that the law firm of Sullivan & Cromwell LLP ("**S&C**") be, and hereby is, authorized, empowered and directed to represent each Company as its general bankruptcy counsel in connection with the Bankruptcy Case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of S&C; and

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**YCST**") be, and hereby is, authorized, empowered and directed to represent each Company as its bankruptcy co-counsel and conflicts counsel in connection with the Bankruptcy Case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of YCST; and

**FURTHER RESOLVED**, that the investment bank of Evercore Group L.L.C. ("**Evercore**") be, and hereby is, engaged to provide investment banking and other related services to each Company in the Bankruptcy Case; and in connection therewith, the

Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Evercore; and

**FURTHER RESOLVED**, that the firm of AlixPartners LLP ("**AlixPartners**") be, and hereby is, engaged to provide restructuring advice and other related services to each Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and

**FURTHER RESOLVED**, that the firm of Prime Clerk LLC ("**Prime Clerk**") be, and hereby is, engaged to act as notice, claims and balloting agent and to provide other related services to each Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and

**FURTHER RESOLVED**, that, any Designated Person, acting alone or in any combination, be, and hereby is, authorized to cause each Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors, notice, balloting and claims agents and other professionals as appropriate in connection with the Bankruptcy Case and all related matters.

**Re: DIP Financing**

**WHEREAS**, each Governing Body of each Company listed on Exhibit A hereto (collectively, the "**Subsidiary Guarantors**" and each respective Governing Body, a "**Subsidiary Guarantor Governing Body**"), in contemplation of the Bankruptcy Case, is considering entering into a Debtor-In-Possession Credit Agreement (the "**Credit Agreement**"), by and among LSC, as Borrower, the Subsidiary Guarantors, as guarantors, Bank of America, N.A. as administrative agent (in such capacity, the "**Administrative Agent**") and the lenders party thereto from time to time (collectively, the "**Lenders**");

**WHEREAS**, pursuant to the Credit Agreement, the lenders party thereto would extend a $100 million revolving credit facility (the "**Revolver**") to LSC, the proceeds of which would be used to pay fees and expenses in connection with the Bankruptcy Case and the other transactions contemplated by the Credit Agreement and the documents related thereto, for the issuance of letters of credit and to fund working capital and provide for general corporate purposes of LSC and the Subsidiary Guarantors;

**WHEREAS**, the Revolver would be secured by a security interest in substantially all of the assets of LSC and the Subsidiary Guarantors, and it is a requirement under the Credit Agreement and other Loan Documents (defined below) that (a) the Subsidiary Guarantors guarantee the obligation of the Company under the Credit Agreement and (b) LSC and the Subsidiary Guarantors each pledge substantially all of their assets to secure their obligations thereunder;

**WHEREAS**, each Subsidiary Guarantor Governing Body determined that each Subsidiary Guarantor will derive substantial direct and indirect benefits from the extension of credit under the Credit Agreement;

**WHEREAS**, in the judgment of each Subsidiary Guarantor Governing Body, it is desirable and in the best interests of each Subsidiary Guarantor, its shareholders, its creditors, its subsidiaries, stakeholders, and other interested parties that (a) each Subsidiary Guarantor enter into the Credit Agreement and exercise all rights and perform all obligations provided for thereunder and (b) each Subsidiary Guarantor enter into any and all documents, agreements (including security agreements and guarantee agreements), notes, instruments, certificates and notices in connection with the Credit Agreement as are advisable or required in accordance with the Credit Agreement (collectively with the Credit Agreement, the "**Loan Documents**") and exercise the rights and perform the obligations as shall be set forth therein;

**NOW, THEREFORE, BE IT RESOLVED**, that having considered all relevant facts and circumstances, it is desirable and in the best interests of each Subsidiary Guarantor, its shareholders, its creditors, its subsidiaries, stakeholders, and other interested parties, and necessary to carry out the business and affairs of each Subsidiary Guarantor, for each of the Subsidiary Guarantors to enter into the Loan Documents (as applicable), perform all obligations under the Loan Documents and grant a security interest in substantially all of its assets to secure its obligations under the Loan Documents; and

**FURTHER RESOLVED**, that the guarantee of indebtedness incurred pursuant to the Loan Documents, be, and hereby is, authorized and approved in all respects; and

**FURTHER RESOLVED**, that, as collateral security for its obligations arising under, out of or in connection with the Credit Agreement and the other Loan Documents, the Subsidiary Guarantors be, and hereby are, authorized to (i) grant to the Administrative Agent for the ratable benefit of the Lenders a security interest in the Collateral (as defined in the Credit Agreement), whether now owned or existing or hereafter acquired pursuant to the terms and conditions set forth in the Credit Agreement and the other Loan Documents, and (ii) execute and deliver to the Administrative Agent any UCC financing statements, instruments and other documents required or desirable in relation to the transactions contemplated by the Credit Agreement, the other Loan Documents and any other related document; and

**FURTHER RESOLVED**, that the Credit Agreement and the other Loan Documents to be executed and delivered by LSC and the Subsidiary Guarantors are in all respects hereby approved, and the Designated Persons be and each of them, acting alone or in any

combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Subsidiary Guarantors, as applicable, to execute, deliver and perform the Loan Documents to which each of the Subsidiary Guarantors, as applicable is a party containing such terms as approved by the Designated Person executing the same, with such approvals to be conclusively evidenced by the execution thereof by the Designated Person, and to perform all of the agreements and obligations of the Subsidiary Guarantors under the Loan Documents and to consummate the transactions contemplated thereby, and that such Designated Persons of the Subsidiary Guarantors be, and each of them individually hereby is, authorized to execute, deliver and perform such other agreements, documents, instruments, notes, certificates and notices, and to take such other actions as the Designated Person of the Subsidiary Guarantors executing the same shall deem necessary or appropriate in connection with the Credit Agreement and the other Loan Documents; including the establishment of bank accounts, the granting of additional liens on real property or otherwise and the granting and perfection of pledges of equity interests in its subsidiaries in connection with the security interests granted therein.

**Re: General Authorizations**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of each Company, any of the Designated Persons, acting alone or in any combination, be, and hereby is, authorized, directed and empowered, in the name and on behalf of each Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by each Company with respect to the foregoing, and to execute, file (or cause to be filed) and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable each Company to carry out the intent and to accomplish the purposes of the foregoing resolutions and perform the obligations of each Company under the Bankruptcy Code and the Loan Documents; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of each Company, to adopt resolutions and otherwise exercise the rights and powers of each Company as such Designated Person may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each such subsidiary of each Company; and

**FURTHER RESOLVED**, that all actions heretofore taken by any Designated Person of each Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and

**FURTHER RESOLVED**, that all members of each Governing Body hereby waive any notice, procedural or other formalities requirements which may be required in order to hold a meeting of each Company's Governing Body.

<u>EXHIBIT A</u>

The following entities are Subsidiary Guarantors to the Credit Agreement:

- Courier Communications LLC;

- Courier Kendallville, Inc.;

- Courier New Media, Inc.;

- Dover Publications, Inc.;

- LSC Communications Logistics, LLC;

- LSC Communications MM LLC;

- LSC Communications US, LLC;

- LSC International Holdings, Inc.;

- National Publishing Company and

- Publishers Press, LLC.

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

LSC COMMUNICATIONS, INC.
as Sole Member of each Company listed on
<u>Attachment A</u>

By: _____

Name:    Suzanne S. Bettman
Title:     Secretary

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

LSC COMMUNICATIONS US, LLC
as Sole Member of each Company listed on
Attachment B

By: _____

Name:    Suzanne S. Bettman
Title:    Secretary

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

By: _____

    Name:   Andrew B. Coxhead

    Title:    Director

By: _____

    Name:   John R. Branstad

    Title:    Director

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT C**

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

By: _____
     Name:   Andrew B. Coxhead
     Title:    Director

By: _____
     Name:   John R. Branstad
     Title:    Director

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT C**

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

By: _____

    Name:   Andrew B. Coxhead
    Title:    Director

By: _____

    Name:   Suzanne S. Bettman
    Title:    Director

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT D</u>**

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned has executed this Action as of the date above first written.

By: _____

Name:    Andrew B. Coxhead
Title:    Director

By: _____

Name:    Suzanne S. Bettman
Title:    Director

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT D**

[Signature Page to Omnibus Resolutions]

## ATTACHMENT A

| COMPANY | JURISDICTION |
| --- | --- |
| LSC Communications US, LLC | DE |
| LSC Communications Logistics, LLC | DE |
| LSC Communications MM LLC | DE |
| Courier Communications LLC | MA |

## ATTACHMENT B

| COMPANY | JURISDICTION |
|---|---|
| Continuum Management Company, LLC | DE |
| Publishers Press, LLC | DE |

**ATTACHMENT C**

| COMPANY | JURISDICTION |
|---|---|
| F.T.C. Transport, Inc. | IL |
| LibreDigital, Inc. | DE |
| LSC Communications Printing Company | DE |
| LSC International Holdings, Inc. | De |
| Clark Holdings, Inc. | DE |
| The Clark Group, Inc. | DE |
| Clark Distribution Systems, Inc. | DE |
| National Publishing Company | PA |
| Courier Companies, Inc. | MA |
| Courier Kendallville, Inc. | IN |
| Courier New Media, Inc. | MA |
| Courier Publishing, Inc. | MA |
| Dover Publications, Inc. | NY |
| Research & Education Association, Inc. | DE |

**ATTACHMENT D**

| COMPANY | JURISDICTION |
|---|---|
| Clark Worldwide Transportation, Inc. | PA |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name **National Publishing Company**

United States Bankruptcy Court for the: **Southern**       District of **New York**
                                                                                    (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/13/2020          ✘   */s/ Andrew B. Coxhead*
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                    Andrew B. Coxhead
                                    Printed name

                                    Chief Financial Officer
                                    Position or relationship to debtor

**Consolidated List of 50 Largest Unsecured Creditors (Excluding Insiders)**

Pursuant to Local Rule 1007-2(a)(4), to the best of the Debtors' knowledge and belief, the following table sets forth the information of each of the holders of the Debtors' 50 largest unsecured claims on a consolidated basis, excluding claims of insiders.

| | Name of creditor and complete mailing | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 1 | GCIU-Employer Retirement Fund Doug Wisman 2323 Eastlake Avenue East Seattle, WA 98102 | Doug Wisman DWisman@nwadmin.com (206) 753-1066 (206) 324-5717 (fax) | Multi Employer Pension Plan | | 19,994,440 |
| 2 | Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund Jimmy Thomos 455 Kehoe Blvd., Suite 101 Carol Stream, IL 60188 | Jimmy Thomos JThomos@gccibt-npf.org (630) 871-7733 Ext. 515 (630) 871-0666 (fax) | Multi Employer Pension Plan | | 19,982,651 |
| 3 | Graphic Arts Industry Joint Pension Trust Angela Alvey 25 Louisiana Ave NW Washington, DC 20001 | Angela Alvey aalvey@gciu.org (202) 508-6670 (202) 508-6671 (fax) | Multi Employer Pension Plan | | 10,289,821 |
| 4 | FLINT GROUP NORTH AMERICA CORP Michael Podd 1333 N Kirk Rd, Batavia, IL 60510 | Michael Podd michael.podd@flintgrp.com 630-587-9238 | Trade Debts | | 6,403,270 |
| 5 | EHS Partners, LLC Kathleen Tallman 747 Third Avenue, 2nd Floor New York, NY 10017 | Kathleen Tallman 212-691-4800 ktallman@ehspartners.com | Trade Debts | | 4,659,675 |
| 6 | NAT'L RESTAURANT ASSOC SOLS Michael DiLiollo 233 S. Wacker Drive Suite 3600 Chicago, IL 60606-638 | Michael DiLiollo mdilillo@restaurant.org 312-715-5358 | Trade Debts | | 3,009,423 |
| 7 | JAMES T MAUCK PO BOX 1627 | mauckjames@gmail.com 63-613-1108 (home) | SERP | | 2,500,001-3,000,000 |

| | Name of creditor and complete mailing | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | SKIFFLES HOUSE, AI-2640 Anguilla | | | | |
| 8 | NATIONAL TRANSPORTATION SERVICES Garry Oswald Vice President, Sales and Marketing 21838 84th Avenue Kent, WA 98032 | Garry Oswald goswald@targetfmi.com 800-775-8253, ext 206 | Trade Debts | | 2,900,000 |
| 9 | JEFFREY A CUNIX 9014 N KARLOV SKOKIE, IL 60076-1716 | jeffcunix@gmail.com 847-673-7911 (home) 847-269-7911 (work) | SERP | | 2,000,001-2,500,000 |
| 10 | CHARLES WINCHESTER 3320 Sanctuary Point Fort Myers, FL 33905 | joyce.winchester@gmail.com 908-403-6895 (home) | SERP | | 2,000,001-2,500,000 |
| 11 | RR DONNELLEY 1000 Windham Parkway Bolingbrook, IL 60490 | Brian Lundberg brian.lundberg@rrd.com 630-226-6433 | Trade Debts | | 2,073,530 |
| 12 | EASTMAN KODAK COMPANY Jim Continenza 343 State Street Rochester, NY 14650 | Jim Continenza jim.continenza@kodak.com 585-781-5808 | Trade Debts | | 2,050,992 |
| 13 | PHOENIX COLOR CORP Brian Keck 18249 Phoenix Drive Hagerstown, MD 21742 | Brian Keck bkeck@phoenixcolor.com 800-632-4111 x2227 240-527.2227 (fax) | Trade Debts | | 1,762,589 |
| 14 | STEWART BROWNLEE 615 White Pelican Way Jupiter, FL 33477 | sfbrownlee@yahoo.com 561-768-9482 (home) | SERP | | 1,500,001-2,000,000 |
| 15 | MICHAEL ALLEN 433 S Lincoln St Hinsdale, IL 60521 | 4mike.allen@sbcglobal.net 630-986-5009 (home) | SERP | | 1,500,001-2,000,000 |
| 16 | JOHN WALTER 4351 Gulf Shore Blvd N Naples, FL 34103 | john@johnrwalter.com 312-284-2516 (home) 847-922-4256 (work) | SERP | | 1,500,001-2,000,000 |
| 17 | WILLIAM COZAD 951 Raleigh Road Glenview, IL 60025 | wscozad@gmail.com 847-729-1843 (home) 847-372-7337 (work) | SERP | | 1,500,001-2,000,000 |
| 18 | VERSO PAPER HOLDING LLC 8540 Gander Creek Drive Miamisburg, OH 45342 | Terril Collier terril.collier@versoco.com | Trade Debts | | 1,498,451 |

| | Name of creditor and complete mailing | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 19 | JB HUNT TRANSPORT INC 615 JB Hunt Corporate Drive Lowell, AR 72745 | Brian Dieringer brian.dieringer@jbhunt.com 734-231-9053 | Trade Debts | | 1,484,696 |
| 20 | STAFFMARK INVESTMENT LLC Eugeno Cutolo (Geno) 201 E. 4th Street, Suite 800 Cincinnati, OH 45202 | Eugeno Cutolo (Geno) geno.cutolo@staffmarkgroup.com | Trade Debts | | 1,252,821 |
| 21 | WILLIAM BAIRD 10225 N Autumn Leaf Circle Magnolia, TX 77354 | bill.baird@lsccom.com 956-369-4715 (cell) | Deferred Compensation | | 1,000,001-1,500,000 |
| 22 | EDWARD LANE 27 Mulberry Rd Bluffton, SC 29910 | edwardelane@gmail.com 847-476-5263 (home) 843 836 5263 (work) | SERP | | 1,000,001-1,500,000 |
| 23 | RICHARD MCCLISH 1303 Covey Trail Prescott, AZ 86305 | mcclish63@gmail.com 928-227-1217 (home) | SERP | | 1,000,001-1,500,000 |
| 24 | LOGISTICS RESOURCE INC William Erzig 1000 Windham Parkway Bolingbrook, IL 60490 | William Erzig william.erzig@lsccom.com 630-226-6386 | Trade Debts | | 1,156,624 |
| 25 | RR DONNELLEY LOGISTICS SERVICE 1000 Windham Parkway Bolingbrook, IL 60490 | Brian Lundberg brian.lundberg@rrd.com 630-226-6433 | Trade Debts | | 1,145,050 |
| 26 | ROBERT ONEIL 100 North Collier Blvd Marco Island, FL 34145 | rjo5511@comcast.net 630-399-1254 (home) | SERP | | 1,000,001-1,500,000 |
| 27 | KEVIN MANNION 107 Woodside Dr. Syracuse, NY 13224 | gmann69487@aol.com 315-383-5828 (home) | SERP | | 1,000,001-1,500,000 |
| 28 | INTERNATIONAL PAPER CO Greg Gibson 6400 Poplar Ave, Memphis TN 38197 | (901) 419-7000 greg.gibson@ipaper.com | Trade Debts | | 1,108,572 |
| 29 | ROBERT SCRIBNER PO Box 70 Folly Beach, SC 29439 | 843-364-7332 (home) 843-588-2031 (work) | SERP | | 1,000,001-1,500,000 |

| | Name of creditor and complete mailing | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 30 | WILLIAM MAJOR 2570 Brookhaven Chase Lane NE Atlanta, GA 30319 | bill.major@bellsouth.net | SERP | | 1,000,001-1,500,000 |
| 31 | JONATHAN WARD 115 Sago Palm Road Vero Beach, FL 32963 | 847-234-3681 (home) 312-961-9049 (work) | SERP | | 1,000,001-1,500,000 |
| 32 | ENSONO LP Jeff VonDeylen 3333 Finley Road Downers Grove, IL 60515 | Jeff VonDeylen jeff.vondeylen@ensono.com 630-944-9042 | Trade Debts | | 1,049,587 |
| 33 | ROBERT LOGAN JR Itel Labortories Jacksonville, FL 32256 | robert@loslogan.com 305-803-1354 (home) 904-596-5724 | SERP | | 500,000-1,000,000 |
| 34 | SCOT SMITH 9325 Viaggio Way Highlands Ranch, CO 80126 | scot.smith107@gmail.com | SERP | | 500,000-1,000,000 |
| 35 | AGFA CORPORATION Gunther Mertens 611 River Drive, Center 3 Elmwood Park, NJ 07407 | Gunther Mertens gunther.mertens@agfa.com 201-373-4001 | Trade Debts | | 927,361 |
| 36 | CRAIG MCCARTHY 1805 Hunting Cove Pl Alexandria, VA 22307 | Craig.Mccarthy@lsccom.com 703-623-6219 (cell) | Deferred Compensation | | 500,000-1,000,000 |
| 37 | RICHARD F MARCOUX 19 DURHAM RD BRONXVILLE, NY 10708-5419 | rick.marcoux@lsccom.com 914-961-5356 (home) 212-503-1300 (work) | SERP | | 500,000-1,000,000 |
| 38 | MAGNUS NICOLIN 130 AVENUE MOLIERE BRUSSELS 01050 BELGIUM | sofiemagnus@msn.com | SERP | | 500,000-1,000,000 |
| 39 | RICHARD STEWART 8001 Greenwich Woods Mc Lean, VA 22102 | Robert.Stewart@lsccom.com 302-743-9813 (home) | SERP | | 500,000-1,000,000 |
| 40 | SOUTHERN REFRIGERATED TRANSPORT INC Donny Sparkman 8055 US-67 Texarkana, AR 71854 | DSparkman@covenanttransport.com 423-463-3255 | Trade Debts | | 782,614 |
| 41 | RONALD DALY 20002 Old George's | rondaly5@comcast.net 312-217-5971 (home) | SERP | | 500,000-1,000,000 |

| | Name of creditor and complete mailing | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | Way Olympia Fields, IL 60461 | | | | |
| 42 | FedEx Trade Networks PO Box 840 Harrison, AR 72602 | Perry Munir pmunir@fedex.com 630-731-2070 | Trade Debts | | 755,244 |
| 43 | HENKEL ADHESIVES CORPORATION Mike Bunge 10 Finderne Avenue, Suite B Bridgewater NJ 08807 | 630-210-6443 mike.bunge@henkel.com | Trade Debts | | 738,473 |
| 44 | JOSEPH M STEINING 900 CANYON OAK DRIVE EULESS, TX 76039 | jmsteining@gmail.com Joseph.Steining@lsccom.com 817-807-8489 (cell) | SERP/ Deferred Compensation | | 500,000-1,000,000 |
| 45 | WILLIAM TYLER 434 S Ann St Lancaster, PA 17602 | william.d.tyler@lsccom.com 717-515-6723 (home) | SERP | | 500,000-1,000,000 |
| 46 | METRO STAFF INCORPORATED Joe Klisz 1601 Weld Rd Elgin, IL 60123 | Joe Klisz joe@msistaff.com 630-327-8517 | Trade Debts | | 671,285 |
| 47 | PHILIP J. DAMIANO 15 GREEN ROAD AMHERST, NH 03031 | pdamiano@mac.com 603-249-5805 (home) | SERP | | 500,000-1,000,000 |
| 48 | RONALD WEIR 735 Spindletree Naperville, IL 60565 | ronald.j.weir@gmail.com 630-961-9722 (home) | SERP | | 500,000-1,000,000 |
| 49 | JOHN PALOIAN 265 Longmeadow Rd Fairfield, CT 06824 | Socaljp@optonline.net 203-259-4646 (home) | SERP | | 500,000-1,000,000 |
| 50 | ROBERT PYZDROWSKI 124 W 8th St Hinsdale, IL 60521 | bob@rspyzdrowski.com 630-325-6102 (home) 630-772-0007 (work) | SERP | | 500,000-1,000,000 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                                 :          Chapter 11
                                                                      :
LSC Communications, Inc., *et al.*,[1]                 :          Case No. __-_____ (___)
                                                                      :
                                            Debtors.            :          (Joint Administration Pending)
                                                                      :
---------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT AND
## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, LSC Communications, Inc.,[2] on behalf of itself and certain of its

affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully

represent:

1. 100% of F.T.C. Transport, Inc. is owned by LSC Communications, Inc., 191 N. Wacker

    Drive, Suite 1400, Chicago, IL 60606.

2. 100% of LSC Communications US, LLC is owned by LSC Communications, Inc., 191 N.

    Wacker Drive, Suite 1400, Chicago, IL 60606.

---

[1]   The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax
      identification number, are as follows:  LSC Communications, Inc. (9580); Courier Communications LLC
      (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853);
      LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications
      US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers
      Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778);
      Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223);
      Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital,
      Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc.
      (3922).  The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606

[2]   On information and belief, no other entity with equity interests in LSC Communications, Inc. holds (directly or
      indirectly) more than 10% of LSC Communications, Inc.'s equity interests and, in accordance with rule 7007.1
      of the Federal Rules of Bankruptcy Procedure, do not need to be disclosed in this corporate ownership
      statement.

3.  100% of LSC Communications Logistics, LLC is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

4.  100% of LSC Communications MM LLC is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

5.  100% of LSC International Holdings, Inc. is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

6.  100% of LibreDigital, Inc. is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

7.  100% of LSC Communications Printing Company is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

8.  100% of Continuum Management Company, LLC is owned by LSC Communications US, LLC, 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

9.  100% of Publishers Press, LLC is owned by LSC Communications US, LLC, 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

10. 100% of Clark Holdings Inc. is owned by LSC Communications US, LLC, 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

11. 100% of The Clark Group, Inc. is owned by Clark Holdings Inc., 258 Prospect Plains Road, Cranbury, NJ 08512.

12. 100% of Clark Worldwide Transportation, Inc. is owned by The Clark Group, Inc., 258 Prospect Plains Road, Cranbury, NJ 08512.

13. 100% of Clark Distribution Systems, Inc. is owned by The Clark Group, Inc., 258 Prospect Plains Road, Cranbury, NJ 08512.

14. 100% of Courier Communications LLC is owned by LSC Communications, Inc., 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

15. 100% of National Publishing Company is owned by Courier Communications LLC, 15 Wellman Avenue, Chelmsford, MA 01836.

16. 100% of Courier Companies, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.

17. 100% of Courier Kendallville, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.

18. 100% of Courier New Media, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.

19. 100% of Courier Publishing, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.

20. 100% of Dover Publications, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.

21. 100% of Research & Education Association, Inc. is owned by National Publishing Company, 11311 Roosevelt Boulevard, Philadelphia, PA 19154.